### GAVRILUTZ v. SAVAGE. (No. 6849.)

(Supreme Court, Appellate Division, First Department. February 19, 1915.)

APPEAL AND ERROR (§ 203*) — WITNESSES (§ 227*) — OBJECTIONS IN LOWER COURT—UNSWORN STATEMENT OF CHILD.

In a civil case, the admission of the unsworn statement of a child, after a voir dire examination in which the judge finds that the child has not a clear understanding of an oath, is error, but is not ground for reversal, where no objection was made to its admission.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1064; Dec. Dig. § 203;* Witnesses, Cent. Dig. §§ 798–806; Dec. Dig. § 227.*]

Appeal from Trial Term, New York County.

Action by Rebecca Gavrilutz against Joseph K. Savage. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Judgment and order affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Albert E. Dacy, of New York City, for appellant.
Herbert C. Smyth, of New York City, for respondent.

SCOTT, J. The plaintiff has recovered a judgment, reasonable in amount, for injuries suffered by her in consequence of a fall induced by a defective staircase in the tenement house owned by defendant. The evidence justified the verdict, and we find no legal error in the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

record requiring a reversal. Our attention is, however, called by defendant to an alleged error in the admission of evidence as to which it seems proper to say a word.

Among the witnesses called by the plaintiff was a boy nine years of age. The court examined him on the voir dire and made the following statement:

"The Court: On inquiry of this boy, while he is intelligent for his years (he is nine now, and was eight at the time of the happening of this accident), I conclude that it would be unwise to put him under the obligations of an oath, as I do not think that he has got a clear understanding. He has, from what he expresses, a verbal understanding; but that is not sufficient to satisfy my mind that he understands the full nature and obligation of an oath. I therefore direct that his statement be taken not under oath by the jury."

No objection was made by defendant to the reception of the boy's unsworn statement. He was examined and cross-examined, and no motion was made at any stage of the trial to strike his evidence out. It was clearly improper to receive the boy's unsworn evidence. Gehl v. Bachmann-Bechtel Brewing Co., 156 App. Div. 51, 141 N. Y. Supp. 133; People v. O'Brien, 74 Hun, 264, 26 N. Y. Supp. 812. And if it had been objected to, and the question had been presented by an exception, we should have felt constrained to reverse the judgment therefor. Since it was not objected to, however, we must treat the statement as having been received by consent. It may be noted that a different rule as to the reception of the unsworn statement of an infant in a criminal proceeding has been established by statute (Code of Criminal Procedure, § 392), but this has no bearing upon the rule applicable to the trial of civil causes.

Judgment and order affirmed, with costs. All concur.