### MORA v. FRANKLIN FEED STORES.

(Supreme Court, Appellate Term, First Department.   January 7, 1916.)

1. WITNESSES ☞227—OATH—NECESSITY.

No statement of a witness not given under the sanctity of an oath can be admitted in a civil case over objection.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 798–806; Dec. Dig. ☞227.]

2. APPEAL AND ERROR ☞274—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—SUFFICIENCY OF OBJECTION.

In an action to recover for personal injuries received by a child, defendant's counsel, after the judge examined the infant to ascertain her competency, stated that he desired to object on the ground that the testimony was not competent for any purpose. The court offered to swear the child if counsel deemed it would add anything to the importance of the action, and counsel stated that he would object on the ground that the child did not understand the sanctity of the oath. The court then admitted the evidence of the child unsworn, and counsel stated: "You are taking it unsworn, I except." Held, that the exception was sufficient to present for review the erroneous action of the court in receiving unsworn testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1591, 1592, 1605–1607, 1624, 1631–1645; Dec. Dig. ☞274; Trial, Cent. Dig. § 258.]

Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Rosa Della Mora, by Virginia Della Mora, her guardian ad litem, against the Franklin Feed Stores. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Richard E. Weldon, of New York City, for appellant.
Nicholas Selvaggi, of New York City, for respondent.

LEHMAN, J. [1] The plaintiff, an infant 10 years of age, was injured by a truck owned by the defendant. There is some evidence that the defendant's driver was negligent, though this evidence is not very convincing. The trial justice, however, admitted the unsworn statement of the plaintiff as evidence, and there can be no doubt that no statement of a witness not given under the sanctity of an oath can be admitted in a civil case if the introduction of such evidence is properly objected to. Gavrilutz v. Savage, 166 App. Div. 309, 151 N. Y. Supp. 808.

[2] The only question we need therefore consider in this case is whether the defendant properly objected to this testimony, and, if he did object, whether thereafter he waived his objection. The record shows that at the trial the trial justice examined the child to ascertain her capacity and the extent of her knowledge. He then stated that he would take her testimony without swearing her. The record then shows the following colloquy:

"Defendant's Counsel: I want to put an objection on the record to the taking of the testimony of the plaintiff on the ground that it is incompetent for any purpose. The Court: I will swear her if you think it will add anything to the importance of the action. Defendant's Counsel: No, if your honor takes her testimony under oath, I will object to that on the ground that she doesn't understand the nature and quality of an oath. I want to get a formal objection on the record. The Court: Take her story. Take your exception. Defendant's Counsel: You are taking it unsworn, I except."

The record consequently shows both a formal objection and an exception to the admission of the unsworn testimony, and the only question that remains is whether he has precluded himself from standing on the objection because he stated that he would also object if the plaintiff were sworn. In my opinion he clearly did not thereby waive the objection he had taken. The question of whether an infant has shown sufficient evidence of capacity to justify the admission of the testimony is a question for the court which in a proper case is subject to review by the court. In this case this evidence is very meager, and the defendant's counsel was entirely justified in entering a formal objection in order to preserve his right of review. Such an objection to swearing the infant cannot logically be considered a waiver of his objection that the testimony was incompetent because not sworn to.

Judgment should be reversed, and a new trial ordered, with $30 costs to appellant to abide the event.

BIJUR, J. I dissent. Defendant's counsel led the court to believe that he was perfectly indifferent to whether the witness was sworn or not, and that his real objection was to her competency to give any testimony under any circumstances. From the preliminary examination of the witness by the court, I think that she was qualified to testify, and believe therefore that the judgment should be affirmed.