CLARENCE FRELLESEN, Plaintiff, *v.* HIRAM COLBURN and Another, Defendants.

County Court, Tioga County, July 17, 1935.

*Andrews & Andrews,* for the plaintiff.

*E. P. Recordon* [*B. W. Loring* of counsel], for the defendants.

TURK, J.   The plaintiff is seeking to recover from the defendants for the value of a dog which was killed by the defendant Kenneth Colburn on the morning of December 23, 1934.

The plaintiff was the owner of a " coon " hunting dog and on the night of December 22, 1934, had been engaged in hunting " coons " with the dog in question.   Apparently becoming tired of the chase the dog strayed from his master, and on the morning following, just before daybreak, he was discovered by the defendant Kenneth Colburn about the defendants' premises.   The defendant Kenneth Colburn, who at that time was an infant under the age of sixteen years, ran into his father's house, procured a shotgun and shells, returned to the place where the dog then was, and fired a shot which resulted in the dog's death.   The defendant Hiram Colburn was at that time engaged in milking his cows in a barn nearby, and the evidence establishes beyond a doubt that he had no knowledge concerning the action of his son Kenneth or of the presence of the dog until sometime later in the morning although he testified that he heard a shot fired.

At the close of the plaintiff's case the defendants moved for a nonsuit but decision was reserved by the court.   This motion was renewed at the close of the defendants' case and decision again reserved without objection.   The jury rendered a verdict for the plaintiff in the sum of $100.   The defendants now move to set aside the verdict and for a dismissal of the complaint as to the defendant Hiram Colburn, motion to set aside the verdict as to Kenneth Colburn having been previously denied.   (*Fitzgerald* v. *Colt-Stewart Motor Co., Inc.,* 231 App. Div. 176.)

It has been held consistently that the parent is not liable for the torts of his child without some participation on his part in the unlawful act.   (*Tifft* v. *Tifft,* 4 Den. 175; *McCarthy* v. *Heiselman,* 140 App. Div. 240; *Muller* v. *Barker,* 90 N. Y. Supp. 388; *Schultz* v. *Morrison,* 91 Misc. 248; affd., 172 App. Div. 940.)

It is the contention, however, of the plaintiff that the father, Hiram Colburn, did in this case participate in the unlawful act of his son in that he was negligent in permitting his son to possess and operate a gun on the morning in question, and relies upon *Kuchlik* v. *Feuer* (239 App. Div. 338; affd., 264 N. Y. 542, without opinion). The trial court in that case found from the evidence that the gun belonged to the infant defendant and that the parents knew he was using it.   The father was held liable on the ground that " his ' negligence made it possible for the child to cause the injury complained of

and probable that the child would do so.'" In the present case, however, the infant was not the owner of the gun in question. The gun was kept hanging on a hook in the residence and was not loaded as in the case of *Phillips* v. *Barnett* (2 City Ct. Rep. 20). The shells were kept in a separate place. There was no evidence that this boy had ever used this gun or any other firearm before the morning in question. He in fact denied that he had ever shot a gun previously. There is no evidence that either of his parents knew that he was taking the gun from the house on the morning in question, or using it in any manner except the evidence of one witness who testified that after the death of the dog the father told him he heard the " boy out shooting," and the evidence indicated that there was an older boy who the father thought was in the barn at the time. The father did testify on cross-examination that at one time someone had given this boy an old air rifle, which the father described as worthless, but there was no evidence that the child ever used or operated the air rifle. In the case of *Kuchlik* v. *Feuer* (*supra*) the possession of the gun by the boy was " open and notorious in the neighborhood," but not a witness has been called in this case who has seen this boy using or possessing a firearm in any manner.

As said by Justice TOWNLEY in *Kuchlik* v. *Feuer* (*supra*), the knowledge of the father may be established by circumstantial evidence even in the face of professions of ignorance. (*Woloszynowski* v. *New York Central R. R. Co.*, 254 N. Y. 206.) In order to prove a fact by circumstances there should be positive proof of the facts from which the inference or conclusion is to be drawn. The circumstances themselves must be shown and not left to rest on conjecture, and when shown it must appear that the inference sought is the only one which can fairly and reasonably be drawn from the facts. (*People* v. *Harris*, 136 N. Y. 423; *Ruppert* v. *Brooklyn Heights Railroad Co.*, 154 id. 90.)

It is a settled principle of law, in the law of negligence, that when the plaintiff's evidence is as equally consistent with the absence as with the existence of negligence, in such a case the evidence fails to establish the essential fact. (*Baulec* v. *New York & Harlem Railroad Co.*, 59 N. Y. 356.)

The act of this boy was wicked and willful and one for which he might well have been punished, but it will be a new order of things indeed if a parent can be punished for the willful acts of a child on such slight evidence as has been established in this case.

The evidence was insufficient to support the finding of negligence on the part of the defendant Hiram Colburn. The verdict as against him must, therefore, be set aside and the complaint dismissed.

Enter order accordingly.