518

BARBARA STEINBERG, an Infant, by MAX STEINBERG, Her Guardian ad Litem, and MAX STEINBERG, Respondents, *v.* FREDERIC CAUCHOIS, SR., LYDIA CAUCHOIS and FREDERIC CAUCHOIS, JR., Appellants.

Second Department, February 5, 1937.

*Robert J. Fitzsimmons* [*Warren H. Mayell* with him on the brief], for the appellants.

*James B. M. McNally* [*John V. Downey* and *Samuel Rudykoff* with him on the brief], for the respondents.

PER CURIAM. The action is by an infant to recover damages for personal injuries and by her father to recover for loss of her services. The infant plaintiff, while walking on the sidewalk of a public highway, was injured by being struck by a bicycle operated on that sidewalk by the infant defendant in violation of a municipal ordinance. The complaint in effect alleged negligence (1) of the infant defendant in such operation of the bicycle, and (2) of the adult defendants, respectively his father and mother, in that they knowingly permitted him to operate his bicycle in a careless, negligent and reckless manner and to operate it on the sidewalk in violation of law and ordinance, after they had received notice of his conduct in thus operating on prior occasions; also in that,

after notice, they failed to take any steps to prevent such conduct and thus made it possible for the infant defendant to cause the accident, and made it probable that he would cause it and the infant plaintiff's injuries. The defendants placed in issue the allegations of defendant's alleged negligence. The issues were submitted to the jury, which found a verdict in favor of each plaintiff, and upon that verdict judgment was entered. From such judgment the three defendants have appealed. In appellants' brief it is contended that the judgments should be reversed as to the adult defendants only.

In our opinion the evidence is insufficient to charge the adult defendants with liability to the plaintiffs for damages resulting from the tort of their infant son. The parent is not liable, merely by reason of his or her relationship, for the torts of the child. (*Tifft* v. *Tifft*, 4 Den. 175; *McCarthy* v. *Heiselman,* 140 App. Div. 240; *Schultz* v. *Morrison,* 91 Misc. 248; affd., 172 App. Div. 940; *Frellesen* v. *Colburn,* 156 Misc. 254.) " Unless made so by statute, there is no liability on the part of a parent, as such, for the tort of a child. The child * * * is, in general, liable for his own tort." (Harper's Law of Torts, § 283.) There are situations in which the parent may be held liable: (1) Where the relationship of master and servant exists and the child is acting within the scope of his authority accorded by the parent; (2) where a parent is negligent in intrusting to the child an instrument which, because of its nature, use and purpose, is so dangerous as to constitute, in the hands of the child, an unreasonable risk to others; (3) where a parent is negligent in intrusting to the child an instrumentality which, though not necessarily a dangerous thing of itself, is likely to be put to a dangerous use because of the known propensities of the child; (4) where the parent's negligence consists entirely of his failure reasonably to restrain the child from vicious conduct imperilling others, when the parent has knowledge of the child's propensity toward such conduct, and (5) where the parent participates in the child's tortious act by consenting to it or by ratifying it later and accepting the fruits. (Harper's Law of Torts, *supra.*) None of these exceptional situations is inferable from the evidence in this case.

The judgment in favor of each plaintiff, in so far as it is against the infant defendant, Frederic Cauchois, Jr., should be affirmed, with costs, and in so far as it is against the adult defendants it should be reversed on the law and the complaint dismissed, without costs.

DAVIS, JOHNSTON and TAYLOR, JJ., concur; LAZANSKY, P. J., and CARSWELL, J., concur in the affirmance of the judgment as to

the infant and to the reversal as to the father, sufficient notice not having been brought home to the latter that his son was riding his bicycle on the sidewalk, thus endangering the safety of wayfarers. They dissent as to the reversal of the judgment against the mother, and vote to affirm the judgment as to her. She was a joint guardian of the son. (Dom. Rel. Law, § 81.) She had ample notice that her son was violating a city ordinance passed for the protection of those using the city's sidewalk, and that he was using an otherwise harmless instrumentality in a manner dangerous to others. She failed to use appropriate means to restrain such misconduct. When a child uses an instrumentality having potentiality for harm to others when unlawfully used and such unlawful use is unrestrained by parents, who have knowledge of such use, the responsibility and liability for hurts inflicted by the undisciplined, unruly or disobedient child should be borne by the parents of such a child rather than by the person innocently hurt.

Judgment, in so far as it is against the infant defendant Frederic Cauchois, Jr., unanimously affirmed, with costs. In so far as it is against the adult defendants, judgment reversed on the law and the complaint dismissed, without costs.