ANTHONY RAZAUCKAS, an Infant, by ALEX RAZAUCKAS, His Guardian ad Litem, and ALEX RAZAUCKAS, Respondents, v. NEW YORK DUGAN BROS. INC. (Sued and Also Referred to Herein as DUGAN BROS. N. Y. INC.), Appellant.— In an action by infant plaintiff to recover damages for personal injuries sustained when he was run over by defendant's truck, and by the infant's father for loss of services and medical expenses, a verdict was rendered in favor of both plaintiffs. The verdict in favor of the infant plaintiff was reduced by stipulation upon the direction of the trial court. Although the reception in evidence of the unsworn testimony of the infant plaintiff, seven years of age at the time of trial, constituted error, no objection was taken thereto and the jury's verdict was not based solely upon said testimony. The questions of defendant's negligence and infant plaintiff's freedom from contributory negligence were properly submitted to the jury and the verdict in favor of plaintiffs was not against the weight of the credible evidence. Judgment affirmed, with costs. Hagarty, Taylor and Close, JJ., concur; Johnston, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: I dissent and vote for reversal and a new trial because of the error in accepting the unsworn testimony of the infant. Technically, after the court stated that the infant would not be sworn, defendant's counsel also should have objected to the infant testifying. But when counsel stated: "I don't believe he can be sworn, and I merely mean as to any testimony," this was sufficient to put the court on notice that the infant's unsworn testimony should not be received. I do not believe we should ignore this admitted error, particularly as this was a close case, there being but one eye witness for plaintiffs and one — the operator — for defendant, on the issue of liability. It may well be that the infant's testimony carried the balance in his favor resulting in this $40,000 verdict. Nor do I believe that the defendant waived its right to raise the error here because its counsel cross-examined the infant. Adel, J., concurs with Johnston, J.