186 P.2d 512

**LOPEZ v. CHEWIWIE et al.**

No. 5040.

Supreme Court of New Mexico.

Nov. 7, 1947.

Robert Hoath LaFollette and Joe L. Martinez, both of Albuquerque, for appellant.

H. O. Waggoner and Edward E. Colby, both of Albuquerque, for appellees.

McGHEE, Justice.

According to the complaint the defendants left their thirteen year old son at home unattended during their absence, and he procured a high-powered rifle kept by them on the premises with which he killed plaintiff's intestate. The gist of the complaint as to the claimed negligence of the defendants reads: "That the defendants, and each of them, were guilty of gross negligence which was the proximate cause of the death of said Albert Lopez, in that they left said Joe Diaz, a minor of thirteen years of age, * * * untended at their residence, the defendant, Joe R. Chewiwie, being absent at his regular employment, and the defendant, Elisa Chewiwie, being absent from the city on a trip to Las Cruces, New Mexico, while then and there maintaining on the premises, without precaution for the safety of others, and without taking any steps to prevent said minor child, Joe Diaz, from having access thereto, said dangerous and loaded high-powered rifle."

The trial court sustained a motion to dismiss the complaint for failure to state a cause of action, and as the plaintiff refused to amend, judgment was entered for the defendants, so we have only to determine whether the complaint states a cause of action against the parents.

The plaintiff concedes that it is the general rule that parents are not responsible for the torts of their minor child, but contends that his case comes within the exception that a parent whose negligence makes it possible for his child to gain control of an agency which, in the child's incompetent hands, may become dangerous to others, may be held liable for the resulting injuries.

We have held a parent liable for the injury of another while a son was operating the family automobile under the family use doctrine, Boes v. Howell, 24 N.M. 142, 173 P. 966, L.R.A.1918F, 288, but this is the first case to come to this court where it is sought to hold a parent in a firearms case. Many of the cases relied on by the plaintiff are automobile cases.

We begin the consideration of this case with the knowledge that loaded fire arms are kept in a great many homes in this state. The general policy of our state relative to firearms is found in our constitution and statutes. Article 2, Sec. 6, of our Constitution provides: "The people have the right to bear arms for their security and defense, but nothing herein shall be held to permit the carrying of concealed weapons."

Section 41-1701, 1941 N.M.S.A., makes it an offense to carry deadly weapons, but

permits them to be carried in the residence of the carrier or on his landed estate. Section 41-1708, 1941 N.M.S.A., allows travelers to carry arms for their protection.

The first majority opinion in Parman v. Lemmon, 119 Kan. 323, 244 P. 227, 231, 44 A.L.R. 1500, is relied on by the plaintiff. In that case a father had furnished his fourteen year old son a shotgun and allowed him to use the family automobile to take another boy hunting. A glancing shot fired by the defendant's son blinded his companion, and damages were awarded against the father for furnishing the boy the gun, the court holding that it was in violation of a statute prohibiting the sale or furnishing to a minor a pistol, derringer or any other dangerous weapon, and that, therefore, the negligence of the father was the proximate cause of the injury. In the dissenting opinion on the first hearing (which was, in effect, later adopted as the opinion of the majority) Mr. Justice Dawson said:

"The fathers of our republic believed that a well-regulated militia was necessary to the security of a free state, and that the right of the people to keep and bear arms should never be infringed. Have we ceased to believe that doctrine? I refer to this, not because it is a provision of the federal Constitution and restricts the power of Congress over this subject, but because it is a basic principle of statecraft of deep concern to all who are clothed with authority and who feel their responsibility to hand on undiminished to future generations those liberties which are our proud American heritage.

"From the landing of the Pilgrims in 1620 until the last Indian menace on the Kansas frontier in 1885, the rifle over the fireplace and the shotgun behind the door were imperatively necessary utensils of every rural American household. And it was just as imperative that the members of such household, old and young, should know how to handle them. And it was almost equally true that, unless a man were trained in the use of the rifle and shotgun in his boyhood, he seldom learned to use them. The American Civil War was largely fought by boys. Half of the Union armies were made up of lads in their teens."

We know that the World Wars I and II were largely fought for us by boys in their teens. Indeed, in World War II boys of eighteen were drafted, and boys of seventeen were enlisted in the navy when their parents consented. We know that a large proportion of the members of our own militia who rendered such valiant service at Corregidor and Bataan were teenagers.

The plaintiff relies strongly on Dickens v. Barnham, 69 Colo. 349, 194 P. 356, 12 A.L.R. 809, but the facts in that case were that the father permitted his fourteen year old son to keep a rifle where an eight year

old brother could have access to it. The younger brother shot a person and the father was held liable. We do not consider this case controlling here

The plaintiff also relies on Charlton v. Jackson, 183 Mo.App. 613, 167 S.W. 670, but in that case the father knew that the minor son was reckless in the handling of a gun, and this fact was pleaded and proven at the trial. To the same effect is Souza v. Irome, 219 Mass. 273, 106 N.E. 998.

We think the better rule is that absent knowledge on the part of the parent that a child of the age of the one involved here is indiscreet or reckless in the handling of firearms, that the mere keeping of a loaded gun on the premises and leaving the boy there alone, does not make the parent liable for torts committed by the minor. See Hagerty v. Powers, 66 Cal. 368, 5 P. 622, 56 Am.Rep. 101; Lacker v. Ewald, 11 Ohio Dec. 337; Swanson v. Crandall, 2 Pa.Super. 85; Frellesen v. Colburn, 156 Misc. 254, 281 N.Y.S. 471, and Parman v. Lemmon, supra.

The plaintiff urges that a jury should have been permitted to determine whether the acts of the defendants constituted negligence, and that, therefore, the court erred in sustaining the motion to dismiss. As the plaintiff could not by the proof of facts admissible under the complaint have recovered damages, the action of the trial court was correct. Ritter v.

Albuquerque Gas & Electric Co., 47 N.M. 329, 142 P.2d 919, 153 A.L.R. 273.

The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER, and COMPTON. JJ., concur.

BRICE, C. J., not participating.