Lucy Zuckerberg, Plaintiff, *v.* Maurice H. Munzer, Defendant.

Supreme Court, Special Term, Kings County, March 28, 1950.

*Herbert F. Hastings, Jr.,* for defendant.

*Simone N. Gazan* for plaintiff.

Murphy, J. The defendant here seeks an order dismissing the complaint on the ground that it does not on its face state facts sufficient to constitute a cause of action.

The plaintiff was a domestic and was employed in the home of the defendant. While in such employment the plaintiff alleges that she was attacked by the eight-year-old son of the defendant

who inflicted serious injuries upon her with a baseball bat. The complaint further alleges that the assault and injuries were not provoked by her nor were they due to her fault, but were due to the conduct of the infant whose habits and tendencies to common assaults were well known to the defendant. She further alleges that the child had frequently assaulted his own mother and others; and that the defendant did not disclose or warn her of the dangerous propensities of the child at the time of her employment or at any time thereafter. The plaintiff further alleges that the defendant had knowledge of the alleged vicious propensities and cruel conduct of his infant son and permitted the latter to have in his possession a baseball bat which, she says, in the hands of said infant was a dangerous instrument. The complaint further alleges that the defendant omitted to restrain the freedom of the child and neglected to take proper measures to prevent the plaintiff from being injured. The complaint demands substantial damages.

In the case of *Steinberg* v. *Cauchois* (249 App. Div. 518, 519) the court in a *per curiam* decision stated as follows: "The parent is not liable, merely by reason of his or her relationship, for the torts of the child. (*Tifft* v. *Tifft,* 4 Den. 175; *McCarthy* v. *Heiselman,* 140 App. Div. 240; *Schultz* v. *Morrison,* 91 Misc. 248; affd., 172 App. Div. 940; *Frellesen* v. *Colburn,* 156 Misc. 254.) ' Unless made so by statute, there is no liability on the part of a parent, as such, for the tort of a child. The child * * * is, in general, liable for his own tort.' (Harper's Law of Torts, § 283.) There are situations in which the parent may be held liable: (1) Where the relationship of master and servant exists and the child is acting within the scope of his authority accorded by the parent; (2) where a parent is negligent in intrusting to the child an instrument which, because of its nature, use and purpose, is so dangerous as to constitute, in the hands of the child, an unreasonable risk to others; (3) where a parent is negligent in intrusting to the child an instrumentality which, though not necessarily a dangerous thing of itself, is likely to be put to a dangerous use because of the known propensities of the child; (4) where the parent's negligence consists entirely of his failure reasonably to restrain the child from vicious conduct imperilling others, when the parent has knowledge of the child's propensity toward such conduct, and (5) where the parent participates in the child's tortious act by consenting to it or by ratifying it later and accepting the fruits. (Harper's Law of Torts, *supra.*)"

The attorney for the defendant in his brief in behalf of this motion comments unfavorably upon the value of the " Harper's Law of Torts ", which he states is extremely socialistic. This contention is hard to believe in view of the fact that the Appellate Division of this department obviously cited the aforesaid book as an authority.

It is my opinion that the complaint herein states sufficient facts to sustain it at this time under one or more of the categories cited above in the case of *Steinberg* v. *Cauchois* (*supra*). To rule otherwise now might do an irreparable injustice to the plaintiff. The complaint here is to be interpreted liberally and is to be given every fair and reasonable intendment.

The motion to dismiss is, therefore, denied. Settle order on notice.