CAROL A. NAPIEARLSKI, an Infant, by HELEN NAPIEARLSKI, Her Guardian ad Litem, Respondent, *v.* DE WITT PICKERING, Appellant.

FRANK NAPIEARLSKI, Respondent, *v.* DE WITT PICKERING, Appellant.

Fourth Department, July 11, 1951.

*Wilbur F. Knapp* for appellant.

*Grover C. Bradstreet, Jr.,* for respondents.

KIMBALL, J. In these actions the infant plaintiff and her father sought to recover damages from the defendant in negligence on the ground that his stepson, an infant of tender years, discharged a .22 calibre rifle, striking the infant plaintiff in the arm. The accident occurred in defendant's home and the only witnesses were the two children who told different stories as to what happened. At the time of the trial, the infant plaintiff was eight years of age and the defendant's stepson was nine. Neither of these children were sworn but, without objection, they were permitted to be examined and cross-examined. On submission of the case to the jury, no mention was made that their testimony was not under oath although the court charged the rule of *falsus in uno*. There is no authority, in civil actions, for receiving unsworn statements of witnesses as evidence. The statute (Code Crim. Pro., § 392) permits such statements in criminal cases but no conviction may be had on such statements unless it is supported by other evidence. We are of opinion that, although no objection was made by either side, the verdicts for the plaintiffs may not be sustained upon this unsworn testimony. (*Stoppick* v. *Goldstein*, 174 App. Div. 306; *Michel* v. *Semer*, 205 App. Div. 281, and authorities there cited.) In the *Stoppick* case, the court said (p. 307): "Althought this objection was not taken below, or urged upon this appeal, we cannot ignore such error, or regard the silence of counsel as a waiver." We agree with that rule.

Assuming, however, that the stepson aimed the gun at the infant plaintiff and discharged it to her injury, we think the plaintiffs have not proved a cause of action against the defendant. It is well settled that a parent is not liable for the torts of his child merely because he is the parent or one standing in the parental relation. If a parent is to be held liable it must be by reason of his own negligence and want of reasonable care. The only alleged act of negligence apparent here is that the defendant kept a .22 calibre rifle behind a board, back of the bed in his own bedroom. The empty shell which was found was new and not similar in appearance to others which were hidden away in a match box. How this shell came to be in the rifle or who put it there is not disclosed. The defendant testified that the gun was not loaded when he placed it back of the bed three years before. There is no proof in this case that the defendant ever permitted the stepson to have, play with or handle the rifle or that the child had ever done so prior to this accident. There is

no proof that the defendant ever knew or had reason to believe that there was any inclination on the part of the stepson to play with or touch the gun. There is no proof that the defendant had knowledge of any vicious propensities on the part of the stepson. No such propensities were shown. In other words, the only charge of negligence is that stated in the complaints that the defendant " did not control the possession of the same [the gun] to keep it from the hands of his step-son, Truman Haley." We are not prepared to extend the rule of liability of a parent beyond that now laid down by prior authorities and hold that the mere keeping of a small calibre rifle in one's house in the manner this one was kept is negligence and the proximate cause of the accident. The question which was given to the jury was not the control of the stepson but the control of the gun. The jury was charged: " You have to determine whether this defendant exercised reasonable care, or whether that was an act of carelessness, in having a gun in the house." We are aware of no authority in this State which holds that having a gun in one's house is negligence, even though a child may find access to its hiding place. The possession of the gun in the house, standing alone, may not be said to be the proximate cause of the accident. The proximate cause was the unexpected and unforeseeable tortious act of the child in removing the gun from its resting place and careless handling of it thereafter. In this view, we follow the well defined rule of previous decisions. (*Frellesen* v. *Colburn,* 156 Misc. 254; *Kuchlik* v. *Feuer,* 239 App. Div. 338; *Ship* v. *Fridenberg,* 132 App. Div. 782; *Steinberg* v. *Cauchois,* 249 App. Div. 518. See, also, *Gudziewski* v. *Stemplesky,* 263 Mass. 103 and *Zuckerberg* v. *Munzer,* 197 Misc. 791, 793.) This case does not fall within any of the situations set out in *Steinberg* v. *Cauchois* (*supra*) where a parent may be held for the tort of the child. In Warren on " Negligence in the New York Courts " (Vol. 2, § 86, p. 439) liability of a parent under the circumstances here presented is summed up as follows:

" In some cases the negligence of the parent consists in permitting a child to use a dangerous instrumentality such as an air-rifle or gun. In these cases the negligence of the parent does not arise out of the discharge of the gun by the child but the permitting of the child to have it so that through its wrongful discharge injury may result to others. In order for the parent to be held liable even under these circumstances, however, his act must be established by proof as previously indicated. Where the act charged is the wrongful use of a gun, it

must be established either by direct evidence or reasonable inference that the gun was used by the child with the parent's knowledge.''

The cases of *Henningsen* v. *Markowitz* (132 Misc. 547) and *Gerbino* v. *Greenhut-Seigel-Cooper Co.* (165 App. Div. 763) are not contrary to the rule but are clearly distinguishable upon the facts. These were cases where the defendants sold or displayed guns for sale. The liability of a parent was not involved. We are of the opinion that the plaintiffs proved no cause of action and that the complaint should be dismissed.

In each case: All concur, except McCurn, J., who dissents and votes for affirmance in the following memorandum: The unsworn testimony of the infant plaintiff was offered and received as a part of her case. The defendant did not object to this testimony but likewise offered as a part of the defendant's case the unsworn testimony of the infant Truman Haley which was also received without objection. The testimony of each corroborated the other as to the fact that Truman procured the gun from some place in his father's bedroom and that it was discharged without Truman's having inserted any cartridge in the gun, thereby permitting the inference that the gun was maintained in a loaded condition in defendant's bedroom. While it was error to receive the unsworn testimony of these infants, still since no objection was raised at the trial and both parties participated in it and no point of it is made upon this appeal, we should treat it as having been received by consent (*Gavrilutz* v. *Savage,* 166 App. Div. 309; *Razauckas* v. *New York Dugan Bros.,* 263 App. Div. 1002, affd. 289 N. Y. 592). Upon all the evidence the jury might well find that the rifle was loaded and so maintained by the defendant; that a loaded rifle in the hands of an immature child becomes a dangerous instrumentality; that it was accessible to children whose presence should have been anticipated; that the accident and injury was reasonably foreseeable; that the defendant was negligent in so maintaining the weapon and that his negligence was the proximate cause of the accident and injury (*Phillips* v. *Barnett,* 2 N. Y. City Ct. Rep. 20; *Travell* v. *Bannerman,* 174 N. Y. 47, 51; *Kingsland* v. *Erie Co. Agric. Soc.,* 298 N. Y. 409). Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.

In each case: Judgment and order reversed on the law and facts, without costs of this appeal to either party, and complaint dismissed, without costs.