ALICE YUSKO, Plaintiff, *v.* STANLEY REMIZON et al., Defendants.

County Court, Columbia County, August 1, 1951.

ACTION in negligence.

*R. Monell Herzberg* and *R. Waldron Herzberg* for plaintiff.

*William F. Christiana* for Stanley Remizon, defendant.

*Maynard, O'Connor & Smith* for Vincenti Remizon and another, defendants.

CONNOR, J. The most favorable view of the testimony in the above-entitled matter is that Sophie Remizon, one of the defendants, and one of the part owners of a house in which the plaintiff was a tenant on the floor above that occupied by the said Sophie Remizon, her husband and her son Stanley, was in the kitchen of said apartment when her son Stanley returned from hunting with a shotgun in his hand, which he thought was unloaded; that she saw him come into the kitchen with the gun in his hand, and in her presence he began to clean the gun. Sophie Remizon gave no warning, advice or suggestion to her son, but remained silent until the gun exploded, the bullets or pellets going through the ceiling of the Remizon apartment, the floor of the Yusko apartment above, and striking the plaintiff, who was in her apartment with her husband and infant child, while she was using the telephone. That as a result of being struck by the bullets she was seriously injured.

On this state of facts the court charged the jury that the only way that Sophie Remizon could be held liable was if the jury should find that the conduct of Sophie Remizon on the day in question was not such conduct as the ordinarily prudent person under the same or similar circumstances would have exercised. By its verdict it must be presumed that the jury found that her conduct was not that of the ordinarily prudent person under the circumstances.

For this court to set aside the verdict of the jury it must come to the decision that the verdict of the jury under the circumstances was a verdict that reasonable minds could not conclude, and that her conduct on the day in question was such that reasonable minds could not differ on the subject. Everyday experiences will, I believe, demonstrate that such a conclusion cannot be reached by this court. Time and again persons have been heard to warn those in close association with them to be sure that a gun was not loaded, especially when it is to be brought into a building occupied by human beings, one of them an infant child, after

returning from hunting, and most especially when any manipulation of the gun is to be performed or is observed. There may be those who feel that these repeated warnings to persons of experience are those of the overcautious, still others may feel that they are but the acts of the ordinarily careful person. There is a distinct difference between the nagging of a housewife over the dirt being brought into the kitchen from the hunting boot, from the cautious warning to be careful with dangerous weapons. Firearms are inherently dangerous. Something more than ordinary care is required (*Kingsland* v. *Erie Co. Agric. Soc.*, 298 N. Y. 409). There is a distinction between the storage and handling of pancakes and bicycles from that of shotguns and other dangerous instrumentalities. This distinction applies not only to their handling, but to their possession and storage. Surely no prudent person would allow a total stranger to enter his home with a shotgun without some inquiry or warning.

Nor do I believe one can rely upon the experience of others where the duty of care is in himself. It might as well be said that it was overcautious for a large corporation to require countersignatures from their most competent employees and officers in the issuance of large checks and drafts, as to say that it would be unreasonable to expect the landlord to remind another occupant of the apartment to make sure that a dangerous firearm was unloaded before it was manipulated in the apartment below a sleeping baby.

The jury has found that her failure to warn her son was an act of carelessness, and I cannot as a matter of law say that that conclusion was impossible for reasonable minds to reach.

I am mindful of the decision of a few days ago of *Napiearlski* v. *Pickering* (278 App. Div. 456). But there the decision would seem to hinge upon the fact that when the testimony of two infant children who were not shown capable of understanding the nature of an oath, was stricken from the record, there remained no proof in the record that the father, the owner of the property, had left the gun loaded. The distinction seems to rest, as was pointed out in the dissenting opinion of Judge McCurn, between a loaded and an unloaded firearm.

For the above reasons the motion to set aside the verdict as to the mother, Sophie Remizon, is denied. There seems to be no question in my mind as to the negligence of the defendant, Stanley Remizon. That motion is also denied. The motion as to Vincenti Remizon has already been granted.

The order may provide for thirty days in which to prepare a notice of appeal, and sixty days in which to make a case.