Alice Yusko, Respondent, *v.* Stanley Remizon et al., Defendants, and Sophie Remizon, Appellant.

Third Department, November 17, 1952.

*John A. Murray* and *Gerald W. O'Connor* for appellant.

*R. Waldron Herzberg* and *R. Monell Herzberg* for respondent.

COON, J. The plaintiff has had judgment in negligence based upon the verdict of a jury against the defendants Stanley Remizon and Sophie Remizon. The complaint was dismissed in the court below as to the defendant Vincenti Remizon. Stanley Remizon does not appeal.

The facts are undisputed in any essential detail. Vincenti Remizon and his wife, Sophie Remizon, owned the building where this accident occurred. The defendant Stanley Remizon is their son, who, at the time of the occurrence, was approaching thirty-five years of age. Some four or five months before the accident Stanley had purchased a rifle, which he thereafter kept in a closet in his bedroom except when in use. On July 19, 1949, Stanley took the rifle from the house and went woodchuck hunting, and upon his return in the early evening, entered the house with the rifle. While in the kitchen, where his mother, the appellant, was washing dishes, he undertook to wipe the barrel of the rifle with an oily rag, and while doing so the rifle discharged and the missile passed through the ceiling of the room and injured the plaintiff, who was in the apartment above.

The only negligence alleged against the appellant Sophie Remizon and her husband is: " in permitting the defendant, Stanley Remizon, to handle and operate a gun that was loaded in their house while other persons, including plaintiff and her

husband, were present therein, and in permitting a dangerous weapon to remain in said house.''

There can be no question about the negligence of Stanley Remizon, and that has been established by the judgment against him, from which he does not appeal. It is equally clear that Stanley's negligence was the sole proximate cause of plaintiff's injuries. The question here is whether the passive conduct of his mother can be considered as negligence on her part.

The record is barren of any evidence that appellant knew the rifle was loaded, or had any reason to believe that it was loaded. Her son Stanley was a man nearly thirty-five years of age, without physical or mental disability, who had been handling firearms since he was sixteen. He had also served a term in the Navy where he handled firearms, and was thoroughly familiar with them. It is a far cry from the case of a parent permitting an infant child of tender years to handle firearms. Appellant was washing dishes with her back turned to Stanley. To impose a legal responsibility upon the mother to make a personal inspection of the rifle or to warn her son under these circumstances approaches absurdity.

The mere presence of a gun in one's house is not negligence, and in this case the mere presence of the gun was not the proximate cause of the accident. (*Napiearlski* v. *Pickering*, 278 App. Div. 456.)

We do not think under the circumstances presented here that the appellant was negligent, or that the accident could have been reasonably foreseen by her. The language of EDGCOMB, J., in *Lane* v. *City of Buffalo* (232 App. Div. 334), is appropriate here: '' The test of actionable negligence is not what could have been done to have prevented a particular accident, but what a reasonably prudent and careful person would have done under the circumstances in the discharge of his duty to the injured party. Failure to guard against a remote possibility of accident, or one which could not, in the exercise of ordinary care, be foreseen, does not constitute negligence.''

The judgment against appellant and the order denying her motion to set aside the verdict should be reversed, and the complaint against her dismissed, without costs.

FOSTER, P. J., BREWSTER and BERGAN, JJ., concur; HEFFERNAN, J., taking no part.

Judgment and order reversed, on the law and facts, and the complaint against defendant-appellant dismissed, without costs.