G. Robert Witmer, J.
Defendant parents move to dismiss the two causes of action in the complaint herein against them. It appears that on October 26, 1956 the infant plaintiff and infant defendant, each being over 16 years of age and having duly obtained hunting licenses pursuant to the Conservation Law, went hunting with guns, during the course of which, it is alleged, the infant defendant negligently shot the infant plaintiff. The infant plaintiff in one cause of action and his father in another sue the infant defendant’s parents, alleging that with disregard *760 for the security of the community they permitted and authorized their son, the infant defendant, to “ possess and operate ” said gun, and they further allege that the defendants gave the gun and ammunition therefor to the infant defendant, knowing of his “indiscriminate” use of guns and of his “ dangerous propensities ” therewith, without limiting or supervising him.
It is elemental that a parent is not liable for the torts of his child in the absence of some negligent act on the part of the parent in connection therewith. (Tifft v. Tifft, 4 Denio 175 [1847]; Steinberg v. Cauchois, 249 App. Div. 518; Shultz v. Morrison, 91 Misc. 248, affd. without opinion 172 App. Div. 940; Frellesen v. Colburn, 156 Misc. 254.)
The mere placing of the gun in the hands of the infant defendant under the circumstances of this case could not be held to constitute a negligent act on the part of the parents, because it is alleged in the complaint that the infant defendant was lawfully hunting with the gun. Concerning the issuance of hunting licenses, section 219 of the Conservation Law in 1956 provided in part as follows :
“ (5) The issuing officer shall not issue-a hunting, * * * license to a person under the age of twenty-one years unless the applicant presents:
“ (a) a hunting, * * * license issued to him in a previous year; or
“ (b) an affidavit from a license-issuing officer stating that applicant held a hunting, * * * license issued in a previous year; or
“(c) a certificate of qualification to handle firearms safely, pursuant to this subdivision.
‘ ‘ A duly qualified and designated person, whose fitness to give instruction in methods of handling firearms which lead to the avoidance of hunting accidents in the field has been determined by an agent of the Department, may make such certification. The Department may designate the National Rifle Association of America as its agent for the giving of instruction and the making of certifications. In any county or part thereof where, in the opinion of the Department, the number of duly qualified instructors designated by the National Rifle Association of America to give instruction is not sufficient to handle efficiently the number of applicants therein, the Department may designate 'any person it deems qualified to act as its agent in the giving of instruction and the making of certification. No charge shall be made for any certificate or instruction given to a minor *761 to qualify him to purchase a hunting, hunting and fishing, big-game or special archery license. The Department may make rules and regulations which in its opinion are calculated to effectuate better the purpose of this subdivision.”
Until the contrary appeared the defendant parents were entitled to act upon the assumption that their son, the infant defendant, being possessed of a hunting license, had been schooled in the use of firearms, was reasonably skilled therein and was a safe person to use the same. (Cf. Frellesen v. Col-burn, 156 Misc. 254, supra; Napiearlski v. Pickering, 278 App. Div. 456; Yusko v. Remizon, 280 App. Div. 637.)
But plaintiffs have also alleged in their complaint that the defendant parents, knowing of their “ son’s indiscriminate and careless use of the said firearm or gun and knowing and being charged with knowledge of his dangerous propensities with firearms ”, failed to control or supervise him in the use of the gun which they furnished to him. That is a pretty broad allegation.
In the case of Shultz v. Morrison (91 Misc. 248, affd. 172 App. Div. 940 [4th Dept.], supra) a father permitted his 16-year-old son to drive his automobile without a license and was held responsible for the son’s negligent acts, without proof of knowledge of the son’s reckless disposition. There negligence of the father was predicated on his knowingly permitting his son to use his automobile in violation of law.
In the case at bar the son had established his lawful right to use a gun and the parent violated no statute nor participated in the violation of any statute in permitting him to hunt.
In the case of Kuchlik v. Feuer (239 App. Div. 338) a 15-year-old boy injured the plaintiff while using an air rifle which his parents had not given to him, so that they were not guilty of violating a statute (Penal Law, § 1896). Upon the evidence that the parents knew of their son’s negligent use of the rifle, they were held liable.
The precise question before this court is, does a parent of a boy over 16 years of age who is lawfully possessed of a hunting license have a duty to restrain and supervise his use of the gun while hunting if the parent has knowledge that the boy is careless with a gun and has “ dangerous propensities with firearms ”.
There seems to be some repugnancy between the allegation that the infant defendant was lawfully hunting and the allegation that the parents recklessly permitted him to have the gun, knowing of his indiscriminate and careless use of a gun and his dangerous propensities with firearms, for the allegation of law *762 ful hunting, as previously noted, embraces the statute above quoted (Conservation Law, § 219, subd. 5), which provides for the instruction of infants before issuance of a hunting license. Yet, we must afford every intendment to plaintiffs’ pleadings, and theoretically it may be possible for an infant to obtain a hunting license lawfully and still be careless and have dangerous propensities in the use of a gun.
It could be- that the Legislature meant as a matter of public policy to exonerate parents from any responsibility after a hunting license has been issued to an infant, but such policy has not been expressed. At the very least, it seems to me that the possibility that an infant who is able to procure a hunting license may also have dangerous propensities in the use of a gun is so remote and the difficulties of parents in connection therewith so great, that a plaintiff making such claim should be required to allege the details thereof, either in his complaint or in a bill of particulars.
This type of case is similar in some respects to the dog-bite cases. In those cases it is held that the defendant is entitled to a bill of particulars of the dates and places of such occurrences and the names and addresses of the persons whom plaintiff claims were previously attacked by the. dog. (Drake v. Hess, 281 App. Div. 1074; Diskin v. St. Martins Roman Catholic Church, 2 A D 2d 901; 4 Carmody-Wait, New York Practice, p. 633.)
It would seem to me that defendants should demand and receive of plaintiffs a bill of particulars specifying plaintiffs’ claims as to when, where and in whose presence, naming them with addresses, defendants’ son was careless in the use of firearms and showed dangerous propensities therewith, specifying the precise manner claimed, to the knowledge of defendants. Absent such particulars, defendants’ motion herein should be granted.
Based upon the above discussion, the motion to dismiss the two causes of action against the defendants is denied, without costs, without prejudice to the right to the defendants to renew the same if a bill of particulars is not furnished pursuant to demand, or if furnished, if the same is deemed insufficient in law.
Submit order accordingly.