■ GERARD PICO, an Infant, by His Mother, ANNA PICO, et al., Respondents, v WALTER CANINI, an Infant, by His Father WALTER CANINI, SR., et al., Appellants, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., the appeal is from an order of the Supreme Court, Suffolk County, entered September 20, 1974, which denied appellants' motion to dismiss the complaint for failure to state a cause of action. Order modified, on the law, by inserting in its decretal paragraph (1) immediately after the word "denied" the following "as to defendant Walter Canini" and (2) at the end thereof, the following "and granted as to defendant Walter Canini, Sr.". As so modified, order affirmed, without costs. A factual allegation in the complaint states, in pertinent part, that "suddenly and without notice, the infant defendant, WALTER CANINI, ran into and against the person of the infant plaintiff, causing the infant plaintiff to be knocked down and causing him to become injured." From this bare allegation, plaintiffs inferred that defendant Walter Canini, Sr., was negligent in failing to provide proper parental supervision. Most of the cases cited by plaintiffs, and in particular *Holodook v Spencer; Graney v Graney;* and *Ryan v Fahey,* all decided in one opinion (36 NY2d 35), deal with the rights of a child as against his own parents and have no application at bar. Rather, the holding in *Steinberg v Cauchois* (249 App Div 518, 519) is determinative of this issue. There, this court noted that: "There are situations in which the parent may be held liable: (1) Where the relationship of master and servant exists and the child is acting within the scope of his authority accorded by the parent; (2) where a parent is negligent in intrusting to the child an instrument which, because of its nature, use and purpose, is so dangerous as to constitute, in the hands of the child, an unreasonable risk to others; (3) where a parent is negligent in intrusting to the child an instrumentality which, though not necessarily a dangerous thing of itself, is likely to be put to a dangerous use because of the known propensities of the child; (4) where the parent's negligence consists entirely of his failure reasonably to restrain the child from vicious conduct imperilling others, when the parent has knowledge of the child's propensity toward such conduct, and (5) where the parent participates in the child's tortious act by consenting to it or by ratifying it later and accepting the fruits." Since none of the enumerated situations is present at bar, the appellants' motion should have been granted as to Walter Canini, Sr. Martuscello, Acting P. J., Latham, Cohalan, Christ and Shapiro, JJ., concur.