■ DONNA GILL, Appellant, v FRANK FALKOWSKI et al., Respondents.—Appeal from a judgment of the Supreme Court, entered March 30, 1978 in Rensselaer County, in favor of defendant upon an order dismissing the complaint made by the court at a Trial Term at the close of the evidence. This is a negligence action wherein plaintiff seeks money damages for injuries sustained from a gunshot wound on August 23, 1974. When the accident occurred, defendants Frank Falkowski and Jimmy Waterson and plaintiff Gill were in Frank's bedroom located in the home of his parents,

defendants John and Charlotte Falkowski. The record reveals that the shotgun, which was loaded and cocked, was standing upright in a corner of the bedroom and that defendant Waterson picked it up whereupon it discharged almost immediately, injuring plaintiff. Although defendant Frank Falkowski testified that he did not know the shotgun was in his room until the night of the incident, he did state that a couple of seconds may have passed between the time he first saw the gun and the time Waterson picked it up. He further testified that it could not have been more than five seconds from the time Waterson picked up the gun to when it discharged. No warning was given to those present that the gun was loaded. At the close of the evidence the trial court dismissed the complaint against Frank, John and Charlotte Falkowski on the ground that the sole proximate cause of the accident was the negligence of Waterson. This appeal ensued and we are concerned solely with the alleged error in dismissing the complaint as against Frank Falkowski. We must view the proof in the light most favorable to plaintiff and unless there is no rational basis for a jury verdict in favor of plaintiff we must reverse *(Merkle v Smith,* 66 AD2d 913). While the jury might reasonably conclude that the actions of Waterson were a proximate cause of the accident, there may be more than one proximate cause *(Forte v City of Albany,* 279 NY 416; *Sweet v Perkins,* 196 NY 482). We are of the opinion that on this record the jury could have reasonably and rationally concluded that defendant Frank Falkowski knew that a loaded gun was in his room within a sufficient amount of time to warn those present as to its dangers and that the accident was foreseeable. The jury could have also rationally concluded that defendant Frank Falkowski had a duty to warn those present and that his failure to do so constituted negligence which was also a proximate cause of the accident. Accordingly, questions of negligence and proximate cause existed requiring submission of the case to the jury (see *Luce v Hartman,* 6 NY2d 786). We have examined the authorities relied upon by defendants and Trial Term *(Yusko v Remizon,* 280 App Div 637; *Napiearlski v Pickering,* 278 App Div 456, mot for lv to app den 303 NY 1014; *Ship v Fridenberg,* 132 App Div 782), and are of the view that they are factually distinguishable. There must be a reversal and a new trial. Judgment reversed, on the law and the facts, and a new trial ordered, with costs. Sweeney, Kane and Main, JJ., concur.

Mahoney, P. J., and Staley, Jr., J., dissent and vote to affirm in the following memorandum by Staley, Jr., J. Staley, Jr., J. (dissenting). The majority opinion speculates that the jury could have reasonably and rationally concluded that the defendant, Frank Falkowksi, knew that a loaded gun was in his room with a sufficient amount of time to warn those present as to its dangers. We disagree, and are of the opinion that plaintiff failed to produce evidence which would prove how the gun came to be in Frank Falkowski's room, or that he knew of the gun's presence in the room prior to the accident. Defendant Waterson testified that he and Frank had a conversation after the accident about how the gun got in the room, and that Frank seemed to say he didn't know, and further that Waterson didn't believe that Frank knew the gun was in his room. Frank testified that he didn't know how the gun got in his room, and the first time he saw the gun was when Waterson picked it up. Plaintiff failed to produce any evidence which would prove that Frank knew of the gun's presence in the room prior to the accident. Assuming that there was a factual issue concerning the presence of the gun in Frank's room, the mere presence of the gun in the room does not constitute negligence *(Yusko v Remizon,* 280 App Div 637). Plaintiff has failed to prove that the actions of defendant, Frank Falkowski,

were negligent. It is evident that the sole proximate cause of plaintiff's injury was the negligence of Waterson. "The proximate cause of an event must be held to be that which in a natural sequence, unbroken by any new cause, produces that event and without which that event would not have occurred" *(Rider v Syracuse R. T. Ry. Co.,* 171 NY 139, 147). It is clear from the record that the act which caused plaintiff's injury was that of the defendant Waterson in carelessly and negligently handling the shotgun. It is clear that any action of the defendant, Frank Falkowski, cannot be said to be the proximate cause of the accident. The presence of the gun in Frank Falkowski's room was not the cause of this accident. As long as it remained where it was, in the corner next to the radiator, out of view, it was innocuous. The cause of this accident was the careless and negligent actions of the defendant Waterson. The courts have consistently placed liability on the individual who handled the gun, not the owner of the gun, the owner of the house, or the person in whose room the accident occurred *(Napiearlski v Pickering,* 278 App Div 456; *Ship v Fridenberg,* 132 App Div 782). "A person cannot be held liable in negligence for failing to provide against a danger he could not reasonably have foreseen *(Payne v. City of New York,* 277 N. Y. 393). The test of actionable negligence is what a reasonably prudent and careful person would have done under the circumstances in discharge of his duty to the injured person and does not embrace the failure to guard against a remote possibility of accident or one which could not in the exercise of reasonable care have been foreseen." *(Luce v Hartman,* 5 AD2d 19, 21.)* The trial court properly found that the sole proximate cause of the accident was the action of the defendant Waterson and the dismissal as to the other codefendants, pursuant to CPLR 4401, should be affirmed.