■ DENISE DEROSA, Appellant, v RUSSELL SMITH et al., Defendants, and PHYLLIS SMITH, Respondent. [729 NYS2d 191] —In an action to recover damages for personal injuries, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated May 4, 2000, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Phyllis Smith.

Ordered that the order is affirmed insofar as appealed from, with costs.

The respondent demonstrated her prima facie entitlement to judgment as a matter of law. Generally, a parent is not liable for the torts of his or her child (*see, Steinberg v Cauchois,* 249 App Div 518). While a parent may be held liable where he or she "participates in the child's tortious act by consenting to it or by ratifying it later and accepting the fruits" (*Steinberg v Cauchois, supra,* at 519; *see, Pico v Canini,* 47 AD2d 951), there was no evidence that the respondent engaged in such conduct. Contrary to the plaintiff's assertion, the respondent's offer to pay the dental expenses incurred by the injured infant did not raise a triable issue of fact as to whether she consented to or ratified her child's allegedly tortious act. Accordingly, the respondent was entitled to summary judgment. O'Brien, J. P., Altman, Feuerstein and Cozier, JJ., concur.