2004-NMSC-011

90 P.3d 458

STATE of New Mexico ex rel. NEW MEX-
ICO VOICES FOR CHILDREN, INC., A
New Mexico Not for Profit Corporation,
and Dr. Victor LaCerva, M.D., Petition-
ers,

v.

John DENKO, Jr., Secretary of the New
Mexico Department of Public
Safety, Respondent.

No. 28373.

Supreme Court of New Mexico.

Jan. 15, 2004.

Vogel, Campbell & Blueher, P.C., David S.
Campbell, Albuquerque, for Petitioner.

Patricia A. Madrid, Attorney General, Je-
rome Marshak, Assistant Attorney General,
David K. Thomson, Assistant Attorney Gen-
eral, John W. Wheeler II, Special Assistant
Attorney General, Santa Fe, for Respondent.

*OPINION*

BOSSON, Justice.

{1} Petitioners, New Mexico Voices for
Children and Dr. Victor LaCerva, seek a writ
of mandamus directing the Secretary of the
Department of Public Safety, John Denko, to
cease enforcing the provisions of the Con-
cealed Handgun Carry Act, NMSA 1978,
§§ 29–19–1 to –13 (2003), recently passed by
the Legislature. Petitioners contend that
Article II, Section 6 of the New Mexico
Constitution prohibits carrying concealed
weapons, and the Act violates this prohibi-

tion. As we indicated after oral argument on January 5, 2004, we deny the petition. We hold that Article II, Section 6 does not prohibit the carrying of concealed weapons, and the Act does not violate our Constitution.

## Standing

{2} Petitioners seek to invoke this Court's constitutional power of original jurisdiction in mandamus. *See* N.M. Const. art. VI, § 3. "[W]e exercise our power of original jurisdiction in mandamus if the case presents a purely legal issue that is a fundamental constitutional question of great public importance." *County of Bernalillo v. N.M. Pub. Regulation Comm'n (In re Adjustments to Franchise Fees)*, 2000–NMSC–035, ¶ 6, 129 N.M. 787, 14 P.3d 525.

{3} Two years ago, we conferred standing on a petitioner who challenged the previous Concealed Handgun Carry Act because the validity of that Act raised a constitutional question of fundamental importance to the people of New Mexico. *See Baca v. N.M. Dep't of Pub. Safety*, 2002–NMSC–017, ¶ 4, 132 N.M. 282, 47 P.3d 441 (per curiam). In *Baca*, we issued a writ of mandamus on the alternative ground that the 2001 Act unconstitutionally allowed municipalities and counties, as opposed to the state, to regulate an incident of the right to bear arms. *Id.* ¶ 6. We did not reach the argument that Article II, Section 6 prohibits the carrying of concealed weapons. *Id.* ¶ 12. The issue is again before us, and as in *Baca*, we confer standing in recognition of the importance of the constitutional question involved.

## Constitutionality of the Concealed Handgun Carry Act

{4} The Concealed Handgun Carry Act authorizes the New Mexico Department of Public Safety to issue concealed handgun licenses to qualified members of the public who satisfy the requisite education and training. *See* §§ 29–19–4, –6. The Act defines "concealed handgun" as "a loaded handgun that is not visible to the ordinary observations of a reasonable person." Section 29–19–2(D).

{5} Petitioners argue that licensing persons to carry concealed, loaded handguns violates Article II, Section 6 of the New Mexico Constitution. That provision states:

No law shall abridge the right of the citizen to keep and bear arms for security and defense, for lawful hunting and recreational use and for other lawful purposes, but nothing herein shall be held to permit the carrying of concealed weapons. No municipality or county shall regulate, in any way, an incident of the right to keep and bear arms.

N.M. Const. art. II, § 6. Petitioners focus on the phrase "nothing herein shall be held to permit the carrying of concealed weapons." They interpret that language as a prohibition against carrying concealed weapons and a restriction on the Legislature from enacting laws allowing the carrying of concealed handguns.

{6} In reviewing a constitutional challenge to a statute, we do not pass judgment on the wisdom of the legislation. Instead, we measure the Act against the provisions of our state's Constitution to determine its validity. A statute is presumed constitutional. *City of Albuquerque v. Jones*, 87 N.M. 486, 488, 535 P.2d 1337, 1339 (1975). For the reasons that follow, we conclude that Petitioners' challenge has not overcome that presumption of constitutionality.

{7} As an initial point of inquiry, we note that the right to bear arms is located in Article II, the Bill of Rights section of the Constitution. Unlike its federal counterpart, the New Mexico Constitution grants the Legislature general police powers as long as their exercise does not violate the Constitution. *See* N.M. Const. art. IV, § 2 ("In addition to the powers herein enumerated, the legislature shall have all powers necessary to the legislature of a free state . . . ."). Thus, Article II, Section 6 is designed to establish the right of individual citizens "to keep and bear arms," and to limit interference with that right. This right, however, is subject to a condition: the Constitution does not protect the carrying of concealed weapons. Just as there is no constitutional right to carry concealed weapons, though, there is

also no constitutional prohibition against the Legislature providing so by statute.

{8}  Looking at the language of the Constitution, we find the word "herein" critical to our understanding of the phrase, "but nothing herein shall be held to permit the carrying of concealed weapons." Petitioners argue that the language, "but nothing herein" precludes any legislation that would permit the carrying of concealed weapons. As Respondent Denko counters, "nothing herein" means "nothing in this constitution," or nothing in Article II, Section 6. The constitutional provision, on its face, means nothing in Article II, Section 6 shall be held to permit the carrying of concealed weapons. The Constitution neither forbids nor grants the right to bear arms in a concealed manner. Article II, Section 6 is a statement of neutrality, leaving it to the Legislature to decide whether, and how, to permit and regulate the carrying of concealed weapons. To read Article II, Section 6 as a prohibition against carrying concealed weapons, as Petitioners urge, would require us to excise the word "herein" from the face of the Constitution. It is not in our power to do so.

{9}  We observe that in other provisions, the Constitution uses definite language to preclude legislative action on a subject. For example, Article IX, Section 5 uses "The legislature shall never enact any law," to expressly limit the Legislature's power. *See also* N.M. Const. art. IX, § 6 ("No law shall ever be passed by the legislature."). Even Article II, Section 6 itself unequivocally and expressly limits legislative activity relevant to the right to keep and bear arms: *"No law shall abridge* the right of the citizen to keep and bear arms .... *No municipality or county shall regulate,* in any way, an incident of the right to keep and bear arms." (Emphasis added.) The remainder of Article II, Section 6 does not speak in the same language; it does not clearly proscribe anything in regard to the carrying of concealed weapons.

{10}  Our interpretation of Article II, Section 6 finds firm roots in New Mexico history. New Mexico has long regulated concealed weapons, allowing it in some circumstances and prohibiting it in others. At the time the Constitution was adopted, the territorial law of New Mexico had for many years prohibited the carrying of concealed weapons in most circumstances while allowing concealed weapons to be carried outside of settlements, at one's residence, in the lawful defense of person or property, for protection while traveling, and by law enforcement officers. *See* 1869 N.M. Laws, ch. 32, § 1, § 11; 1887 N.M. Laws, ch. 30, § 1, § 9, § 10; 1891 N.M. Laws, ch 63, §§ 1–6; 1907 N.M. Laws, ch. 36, § 18. After approval of the Constitution, the statutes of 1915 substituted "state" for "territory," but otherwise remained essentially unchanged. *See* NMSA 1915, §§ 1701, 1708, 1709. That same construct of generally prohibiting concealed weapons while creating limited exceptions for their use, has continued in effect to the present. *See* NMSA 1978, § 30–7–2 (2001) (declaring it a crime to carry a concealed loaded firearm except in a persons's residence or real property, in a car, or by a peace officer). Under Section 30–7–2, the Concealed Handgun Carry Act does no more than add another exception to the general prohibition against carrying concealed weapons: carrying with a concealed handgun license. *See* § 30–7–2(A)(5).

{11}  Under Petitioners' reading of Article II, Section 6 none of these laws would be constitutional. If Article II, Section 6 were an absolute prohibition against carrying concealed weapons, the Legislature could not have permitted it in certain instances. Yet it has done so for over 100 years, even before Article II, Section 6 was originally enacted. Our courts have addressed these same laws over the years without anyone questioning their constitutionality. *See State v. Ramirez,* 79 N.M. 475, 478, 444 P.2d 986, 989 (1968) (noting that statute allows carrying of an unloaded concealed weapon); *Lopez v. Chewiwie,* 51 N.M. 421, 423, 186 P.2d 512, 513 (1947) (acknowledging that statutes permit carrying deadly weapons in residence or on estate and when traveling); *State v. Starr,* 24 N.M. 180, 195, 173 P. 674, 679–80 (1917) (noting the right of travelers to carry weapons); *State v. McDuffie,* 106 N.M. 120, 121, 739 P.2d 989, 991 (Ct.App.1987) (noting provision that home and vehicle owners may

properly conceal weapons). This history demonstrates the novelty of Petitioners' reading, one that would put this Court at odds with at least a tacit understanding on the part of the people and the Legislature as to the clear meaning of Article II, Section 6 of the Constitution.

{12} Finally, we note that other states with constitutional provisions similar to New Mexico's have statutes allowing permits for concealed handguns. For example, Montana has a constitutional provision nearly identical to New Mexico's, but also has a statute that provides for permits to carry concealed weapons. *See* Mont. Const. art. II, § 12 ("but nothing herein contained shall be held to permit the carrying of concealed weapons"); Mont.Code Ann. § 45–8–321 (2003). Colorado's constitutional provision is also similar to New Mexico's, yet Colorado allows a person to obtain a permit to carry a concealed weapon. *See* Colo. Const. art. II, § 13 ("but nothing herein contained shall be construed to justify the practice of carrying concealed weapons"); Colo.Rev.Stat. § 18–12–201 (2003).

## Conclusion

{13} Not being persuaded by Petitioners' argument, we hold that the Concealed Handgun Carry Act does not violate Article II, Section 6 of the New Mexico Constitution. Therefore, the petition for a writ of mandamus is denied.

{14} **IT IS SO ORDERED.**

MAES, C.J., MINZNER, J., SERNA and CHAVEZ, JJ., concur.