(91 Misc. Rep. 248)

## SCHULTZ v. MORRISON.

(Supreme Court, Special Term, Erie County. July 3, 1915.)

1. MASTER AND SERVANT ☞301—OPERATION OF AUTOMOBILE—NEGLIGENCE OF OWNER'S SON—LIABILITY.

The general rule is that the owner of an automobile is not liable for the negligence of another in operating it, even though such operator is a member of his own family.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. ☞301.]

2. MUNICIPAL CORPORATIONS ☞705—OPERATION OF AUTOMOBILE—NEGLIGENCE OF OWNER'S SON—VIOLATION OF STATUTE—LIABILITY.

Under Highway Law (Consol. Laws, c. 25) § 282, subd. 2, as added by Laws 1910, c. 374, providing that no person under 18 shall operate a motor vehicle unless accompanied by a duly licensed chauffeur, or the owner of the vehicle, defendant, permitting his 16 year old son to operate his automobile, in the course of which he negligently struck and injured plaintiff, became a party to the violation of the statute, and was liable for any consequent injury to plaintiff.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. ☞705.]

3. PARENT AND CHILD ☞13—PARENT'S LIABILITY—TORTS OF CHILD.

A parent is not liable for the torts of the child, though he may become liable for an injury caused by the child, where his own negligence made it possible for the child to cause such injury, and probable that he would do so.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 145–151; Dec. Dig. ☞13.]

4. MUNICIPAL CORPORATIONS ☞705—OPERATION OF AUTOMOBILE—INJURY TO THIRD PERSON—LIABILITY OF OWNER—"DULY" LICENSED CHAUFFEUR.

Highway Law, § 282, subd. 2, as added by Laws 1910, c. 374, provides that no person under 18 shall operate a motor vehicle, unless accompanied by a duly licensed chauffeur or the owner of the vehicle. Section 289 declares that no chauffeur's license shall be issued to any person under 18 years of age, and section 289, subd. 4, provides that no person shall operate a motor vehicle as a chauffeur upon a public highway who has not complied with the section. Held, that a chauffeur's license held by one only 16 years of age was absolutely void, so that his possession of the license did not make him a duly licensed chauffeur, within subdivision 2; the word "duly" meaning according to law, and relating, not to form merely, but including both form and substance, and hence that his presence in the car operated by defendant's son in violation of section 289 did not relieve defendant from liability for negligent injury to a third person.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. ☞705.

For other definitions, see Words and Phrases, First and Second Series, Duly.]

Action by John F. Schultz against Solomon Morrison. Verdict for plaintiff, and defendant moves for a new trial. Motion denied.

Clinton B. Gibbs and Jacobson & McCormick, both of Buffalo, for the motion,

Maloney & Maloney, of Buffalo, opposed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered-Digests & Indexes

WHEELER, J.  This action is to recover for personal injuries received by the plaintiff in a collision between a vehicle driven by the plaintiff, and an automobile owned by the defendant, and operated at the time of the accident by his son.  The son was a youth of the age of 16 attending the Lafayette High School in the city of Buffalo.  He was desirous of making his high school football team, and for that purpose wished to purchase a pair of shoes in which to play.  He asked his mother for permission to take his father's machine and go down town to make the purchase.  She telephoned the defendant at his place of business, asking if the son might use the automobile.  In reply, he gave the son the necessary permission, which the mother made known to the son.  He started down town with the machine, and on the way picked up three or four of his school companions.  After purchasing the shoes, the son started for home, and on the way back ran into the rear of the plaintiff's wagon, throwing him from his seat into the back of the wagon.  The plaintiff struck his back on a fork which lay in the wagon box, and suffered serious injuries.

[1] The evidence shows a clear case of negligence on the part of the son.  The defendant, however, contends that he is not legally responsible for the son's negligence, relying on the general rule that the owner of an automobile is not liable for the negligence of another operating such a vehicle, even though a member of his own family. Heissenbuttel v. Meagher, 162 App. Div. 752, 147 N. Y. Supp. 1087; Maher v. Benedict, 123 App. Div. 579, 108 N. Y. Supp. 228; Freibaum v. Brady, 143 App. Div. 220, 128 N. Y. Supp. 121; Clark v. Buckmobile, 107 App. Div. 120, 94 N. Y. Supp. 771; Stewart v. Baruch, 103 App. Div. 577, 93 N. Y. Supp. 161; Cowell v. Saperston, 149 App. Div. 374, 134 N. Y. Supp. 284; McHarg v. Adt, 163 App. Div. 782, 149 N. Y. Supp. 244; Doran v. Thomsen, 76 N. J. Law, 754, 71 Atl. 296, 19 L. R. A. (N. S.) 335, 131 Am. St. Rep. 677.

[2, 3] There are, however, facts in this case which, in our opinion, distinguish it from the cases above cited, and make it an exception to the general rule.  In this case the son, at the time of the accident, was but 16 years of age.  Section 282, subd. 2, of the Highway Law provides:

"No person shall operate or drive a motor vehicle who is under eighteen years of age, unless such person is accompanied by a duly licensed chauffeur or the owner of the motor vehicle being operated."

Notwithstanding the provisions of this section, the defendant permitted his son to operate his machine.  The object and purpose of the statute is to promote the safety of those traveling the public highways. While a motor vehicle is not, in and of itself, to be deemed a dangerous machine, nevertheless it becomes such in the hands of a careless and inexperienced person.  The statute has, in effect, so declared when it forbids its operation by persons under the age of 18.  It, in substance, declares that such persons do not possess the requisite care and judgment to run motor vehicles on the public highways without endangering the lives and limbs of others.  While the relation of parent and child does not render the parent liable for the torts of the child, nevertheless a parent may become liable for an injury caused

by the child, "where the parent's negligence made it possible for the child to cause the injury complained of and probable that the child would do so. This liability is based upon the rules of negligence rather than the relation of parent and child." 29 Cyc. 1666, citing Phillips v. Barnett, 2 City Ct. R. 20; Hoverson v. Noker, 60 Wis. 511, 19 N. W. 382, 50 Am. Rep. 381; Chaddock v. Plummer, 88 Mich. 225, 50 N. W. 135, 14 L. R. A. 675, 26 Am. St. Rep. 283; Doran v. Thomsen, 76 N. J. Law, 754, 71 Atl. 296, 19 L. R. A. (N. S.) 335, 131 Am. St. Rep. 677.

In the disposition of this case, on the trial the court left it to the jury to determine whether, in view of the provisions of the statute prohibiting persons under 18 to operate motor vehicles, the defendant was chargeable with negligence in permitting his son to run the car on the day in question when the accident complained of happened. In these instructions, we believe the court was clearly within well-recognized principles of law. When the defendant permitted one of his own family, whose acts he had the right and authority to control, to operate his car, he became a party to the violation of the statute, and should be held responsible for the consequences which followed.

[4] The force and effect of this reasoning the defendant sought to obviate by the fact, which was proven on the trial, that one of the companions which the son picked up, and who rode with him on the way down town and back, was a licensed chauffeur, so that the son came within the exception of the statute by being accompanied by a duly licensed chauffeur. It was, however, developed by the evidence that, although the companion in question was, in fact, licensed to operate a motor vehicle, he was at the time himself only of the age of 16 years. Just how he obtained such a license from the authorities did not appear. Nevertheless, he had no right to obtain or hold such a license, for section 289 of the Highway Law, providing for the licensing of chauffeurs, declares:

"No chauffeur's license shall be issued to any person under eighteen years of age."

The defendant, while conceding that Wilson, the son's companion, had no legal right to his license, nevertheless contends that, so long as he had it unrevoked, his presence in the car protected the defendant; and it is urged the regularity or validity of that license cannot be questioned or attacked collaterally, and until officially revoked remained good for all purposes.

The court charged the jury that Wilson, the companion, was not a "duly licensed chauffeur," being but 16 years of age, and that the possession of a license by him constituted no defense. If the court erred in this instruction, the verdict should be set aside; but we are of the opinion no error was committed. We think the license he held was absolutely *void*, not simply voidable. The language of the statute is prohibitive. It is that:

"No chauffeur's license shall be issued to any person under eighteen years of age."

The secretary of state had no power or authority to issue it. The prohibition of the statute goes to the jurisdiction to issue. Subdivision 4 of section 289 provides that:

"No person shall operate or drive a motor vehicle as a chauffeur upon a public highway * * * unless such person shall have complied in all respects with the requirements of this section."

One of these requirements is that he shall be at least 18 years of age. To operate a motor vehicle would render him liable to prosecution for a misdemeanor. If Wilson had been so prosecuted, could he assert as a defense that he had been *"duly licensed"* by the state authorities? We think not. If he could not avail himself of such a license, much less, we think, could the defendant in this action take any advantage or benefit from it.

We think proper effect should be given to the language of subdivision 2 of section 282, forbidding the operation of motor vehicles by persons under 18 unless "accompanied by a duly licensed chauffeur" or the owner of the vehicle operated. Certainly Wilson was not a "duly" licensed chauffeur. "Duly," in legal parlance, means according to law. It does not relate to form merely, but includes form and substance both. Brownell v. Town of Greenwich, 114 N. Y. 527, 22 N. E. 24, 4 L. R. A. 685, and cases cited; Youngs v. Perry, 42 App. Div. 249, 59 N. Y. Supp. 19; Hollis v. Brooklyn Heights R. Co., 128 App. Div. 824, 113 N. Y. Supp. 4.

As matter of fact, Wilson's presence in the car with the defendant's son was not for the purpose of complying with the provisions of the Highway Law. He was not riding with the son for any such purpose. His presence was, in fact, purely accidental. He was picked up as a social companion, rode in the back seat of the car, and in no way assumed to control or direct the operation of the car. It is not even claimed that the father knew of his presence, or that he possessed any license whatever. Nor did the son claim to know of that fact, or place any reliance thereon.

We see no reason for disturbing the verdict. The motion for a new trial is therefore denied.