PHILIP LIMBACHER, Respondent, *v.* THOMAS F. FANNON, Appellant.

(Supreme Court, Appellate Term, First Department, March, 1918.)

Negligence — master and servant — evidence — automobiles — actions.

> While ownership of an automobile is *prima facie* evidence of the owner's responsibility for an accident caused by the driver's negligence, this presumption disappears in the face of substantial or undisputed testimony that the driver was not in the employ of the owner at the time.
>
> Where, in an action for injury to plaintiff's horse and wagon caused by a collision with defendant's automobile while it was

Appellate Term, First Department, March, 1918.   [Vol. 102.

being operated by a friend to whom it had been loaned, the evidence is sufficient to sustain a finding in plaintiff's favor that the injury was caused by the negligence of the operator and that plaintiff was free from contributory negligence, but it is undisputed that at the time of the accident the automobile was not being used for the benefit of the defendant or under his direction, the negligence of the driver cannot be imputed to the defendant.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of The Bronx, second district, in favor of plaintiff.

David C. Broderick, for appellant.

Arthur G. Basch, for respondent.

PHILBIN, J.   The plaintiff's horse and wagon were injured by reason of a collision with defendant's automobile while the latter was being operated by a friend of defendant to whom he had loaned it.   There is sufficient evidence to sustain the finding in favor of plaintiff to the effect that the injury was caused by the negligence of the operator of the automobile and that plaintiff was free from contributory negligence.

The next consideration is whether the defendant can be held liable for the negligence of the driver.   The undisputed testimony is that the automobile was loaned to the woman who was driving and that it was not being used at the time of the accident for the benefit of the defendant or under his direction.   While ownership of an automobile is *prima facie* evidence of the owner's responsibility for an accident caused by the driver's negligence, this presumption disappears in the face of substantial or undisputed testimony that such driver was not in the owner's employ at that time. *Potts* v. *Pardee,* 220 N. Y. 431.   We see, therefore, that the negligence of the driver cannot in this case be imputed to the defendant.

It appears from what was said by the court at the close of the trial that judgment was rendered against the defendant on the ground that he was personally guilty of negligence in intrusting the operation of his automobile to a person ignorant of and generally unskilled in its management and that such negligence was the proximate cause of the injury. We think the court was in error in so finding. The operator had taken lessons in driving, under the instruction of the defendant, and it does not appear that she was ignorant or generally unskilled. It is true that she did not have an operator's license, but it does not appear that any was necessary under the circumstances. The present statute (in effect at the time of the accident, September 26, 1917) provides that no person shall operate or drive a motor vehicle in a county wholly included within a city for more than ten days in any calendar year unless such person is a duly licensed chauffeur or operator whether the owner of such vehicle or otherwise. Highway Law, § 282, as amd. to take effect July 1, 1917. The record fails to bring the driver within the provisions of the law mentioned.

The case of *Schultz* v. *Morrison,* 91 Misc. Rep. 248; affd., 172 App. Div. 940, is to be distinguished. There the operator was a boy under the age of eighteen years and expressly prohibited by law from operating an automobile. Highway Law, § 282, subd. 2. Here there is no evidence as to the woman's age.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY and DELEHANTY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.