In the Matter of DAVID M. FINK, an Attorney, Respondent.
In the Matter of JACQUIN FRANK, an Attorney, Respondent.

First Department, May 2, 1930.

*Isidor J. Kresel*, for the petitioners.

*Jacquin Frank*, respondent, for both respondents.

DOWLING, P. J. The respondents are attorneys and counselors at law in the State of New York, respondent Fink having been admitted to practice on March 8, 1910, at a term of the Appellate Division of the Supreme Court of the State of New York, Second Department: and the respondent Frank having been admitted on April 10, 1911, at a term of the Appellate Division, Supreme Court, First Department. They have been engaged in the practice of the law, as copartners, under the name of Fink & Frank, since 1912. Although separate petitions have been filed, the charges against them are identical, and the proceedings have been conducted as one. The charges were that respondents had been guilty of misconduct as attorneys at law in the solicitation of retainers in personal injury cases, withholding money and failing to obtain orders fixing their fees as attorneys on the settlement of infants' cases. The referee, to whom the matter was referred after respondents had appeared and answered herein, has reported that the charges of solicitation and withholding money were not proven. The petitioners make no objection to the confirmation of his report. On the charge of failing to obtain orders fixing their fees as attorneys on the settlement of infants' cases, the referee found that the justices of the Municipal Court, to whom orders allowing compromise were presented, failed to make provision for the fees in such orders, and he absolved respondents from blame therefor. There is no intimation that the failure to fix such fees was contrived by the respondents, or that it was actuated by improper motives of gain or unfairness. This court has expressed itself regarding the former failure of judges of the Municipal Court to observe the provisions of the Judiciary Law (§ 474, as amd. by Laws of 1912, chap. 229) and of the Rules of Civil Practice (rule 294) and the Special Rules Regulating the Conduct of Attorneys and Counselors-at-Law in the First Judicial Department, so far as applicable to the compromise of infants' claims. (See *Matter of Jeromer*, 228 App. Div. 123.)

The report of the referee is confirmed and the proceedings should be dismissed.

McAVOY, MARTIN, O'MALLEY and SHERMAN, JJ., concur.

Proceedings dismissed.