BRENER & LEWIS, INC., Plaintiff, *v.* FAWCETT PUBLICATIONS, INC., et al., Defendants.

Supreme Court, Special Term, New York County, May 20, 1949.

*Alexander Pfeiffer* and *Clarence S. Barasch* for plaintiff.

*Macdonald De Witt, Harry H. Van Aken* and *William E. Flannery* for defendant.

MILLER, J. This is a motion to strike out the first and second defenses for alleged insufficiency. The first defense should be allowed to remain under the rule prevailing in this department that matter provable under denials should not be stricken from an answer (*Home Ins. Co.* v. *Gillespie Loading Co.*, 222 App. Div. 67, 68). The allegations of the defense negate plaintiff's

claim that the offer of its customer was accepted by and satisfactory to defendant, and also tend to controvert plaintiff's claim that it was employed by defendant.

The second defense is also sufficient. It alleges that plaintiff was represented in the negotiations by its vice-president, Brener; that the license issued to the plaintiff corporation did not authorize Brener to act on its behalf either as a real estate broker or as a real estate salesman; and that although a real estate salesman's license had been issued to Brener, it was void because issued in violation of the provision of subdivision 2 of section 441-b of the Real Property Law that "no license as a real estate salesman shall be issued to any officer of a corporation nor to a member of a co-partnership licensed as a real estate broker." In view of this provision, the real estate salesman's license issued to Brener was void (see *Schultz* v. *Morrison,* 91 Misc. 248, affd. 172 App. Div. 940). Subdivision 2 of section 441-b provides that if a licensee is a corporation, the license shall entitle its president or such other officer as shall be designated to act as broker and that an additional license is needed for each other officer who shall desire to act as broker. Brener was not president of the plaintiff, and according to the defenses was not entitled by the license issued to plaintiff to act on its behalf. Since it is alleged that Brener was not *duly* licensed as either a real estate broker or as a real estate salesman, the defense is sufficient (*Meyers* v. *Suffin,* 203 N. Y. S. 103 [App. Term, 1st Dept.]).

The plaintiff corporation may not recover for brokerage services rendered by one who was not duly licensed to act as either a real estate broker or as a real estate salesman and who was not named in the license issued to the plaintiff as a person who could properly represent it in brokerage transactions.

The motion to strike out the defenses is accordingly denied.